UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
ABILENE DIVISION

| | |
|---|---|
| DAVID ALLEN JEFFRIES,<br><br>                      Petitioner,<br><br>v.<br><br>DIRECTOR, TDCJ-CID,<br><br>                      Respondent. | No. 1:19-CV-00050-H |

**ORDER**

Petitioner David Allen Jeffries filed a petition for writ of habeas corpus under 28 U.S.C. § 2254 to challenge the result of a prison-disciplinary case. Respondent filed an answer and appendix with copies of Petitioner's relevant prison records. Petitioner did not file a reply. As explained below, the Court finds that the petition should be denied for failure to state a claim upon which habeas relief may be granted.

**1.     Background**

Petitioner is serving a 25-year sentence in the Texas Department of Criminal Justice (TDCJ) for possession with intent to deliver a controlled substance in a drug-free zone. At the time he filed this petition, Petitioner was incarcerated in TDCJ's Robertson Unit in Abilene, Texas, which is within the jurisdiction of this Court. He does not challenge his state conviction and sentence. Instead, he challenges his conviction and punishment in prison disciplinary proceeding no. 20190064395.

In disciplinary case no. 20190064395, Petitioner was found guilty of threatening an officer, a Level 1, Code 4.0 violation of the TDCJ rules. As a result, Petitioner lost 300 days of good-time credit, 45 days of commissary, telephone, and recreation privileges, and his line class was reduced from L1 to L3.

Petitioner alleges that (1) the disciplinary hearing officer (DHO) violated his due process rights by not allowing him to call witnesses and by denying the video evidence he requested to prove his innocence, and (2) he received ineffective assistance of counsel because his counsel substitute failed to object to the cross-examination of witnesses, failed to represent him properly, and failed to stop the DHO from refreshing the officer's memory. Petitioner's Step-1 and Step-2 grievances were denied. Petitioner seeks restoration of his good time and line class and to have his disciplinary case overturned.

Respondent argues that Petitioner has failed to state a claim upon which habeas relief may be granted because he is not eligible for mandatory supervision, and his claims do not implicate a protected liberty interest.

## 2.     Legal Standard

Section 2254 provides a specific remedy for prison inmates challenging the results of prison-disciplinary hearings if the inmates do not seek monetary damages. *Preiser v. Rodriguez,* 411 U.S. 475, 477 (1973). This Court has jurisdiction over the instant petition. *See Wadsworth v. Johnson,* 235 F.3d 959 (5th Cir. 2000) (determining that a state prisoner challenging a prison-disciplinary proceeding must file his petition in either the federal judicial district where he is incarcerated or the federal judicial district where his original conviction and sentence took place).

Federal habeas relief is unavailable "absent the allegation by a [petitioner] that he or she has been deprived of some right secured to him or her by the United States Constitution or the laws of the United States." *Orellana v. Kyle,* 65 F.3d 29, 31 (5th Cir. 1995). In Texas, "[a]s a general rule, only sanctions which result in loss of good conduct time for inmates who are eligible for release on mandatory supervision or which otherwise directly or adversely affect release on mandatory supervision will impose upon a liberty interest."

*Spicer v. Collins,* 9 F. Supp. 2d 673, 685 (E.D. Tex. 1998) (citing *Orellana v. Kyle,* 65 F.3d at 31-33). *See Malchi v. Thaler,* 211 F.3d 953, 957 (5th Cir. 2000) (holding that although Texas law does not create a constitutionally protected interest in parole, the law prior to September 1, 1996, does create a constitutional expectancy of early release on mandatory supervision). A prisoner's liberty interest is "generally limited to freedom from restraint which, while not exceeding the sentence in such an unexpected manner as to give rise to protection by the Due Process Clause of its own force, nonetheless imposes atypical and significant hardship on the [prisoner] in relation to the ordinary incidents of prison life." *Sandin v. Conner,* 515 U.S. 472, 484 (1995).

3.   Analysis

Petitioner lost good-time credits, but the records show that he is ineligible for release to mandatory supervision. Thus, he cannot show that the disciplinary proceeding infringed on any constitutionally-protected liberty interest. His claims do not provide a basis for federal habeas corpus relief. *Madison v. Parker,* 104 F.3d 765, 768-69 (5th Cir. 1997); *see also Sandin*, 515 U.S. at 478 ("[T]he Due Process Clause does not protect every change in the conditions of confinement having a substantial adverse impact on the prisoner.").

To the extent that Petitioner is challenging the loss of commissary and recreation privileges, his claims do not present grounds for federal habeas corpus review, and the Due Process Clause is not implicated by these changes in the conditions of his confinement. *Madison*, 104 F.3d at 768. It is well settled that the Due Process Clause does not protect every change in the conditions of confinement having a substantially adverse impact on a prisoner. *Meachum v. Fano,* 427 U.S. 215, 224 (1976).

The Due Process Clause protections are also not implicated by a change in Petitioner's line-class status. The Fifth Circuit has held that "the mere opportunity to earn

good time credits" does not constitute a "constitutionally cognizable liberty interest sufficient to trigger the protections of the Due Process Clause." *Luken v. Scott,* 71 F.3d 192, 193 (5th Cir. 1995), *cert. denied*, 517 U.S. 1196 (1996). Petitioner's custodial classification will not inevitably affect the duration of his sentence. *Id.*

**4.    Conclusion**

For these reasons, and for the reasons stated in the Respondent's answer with brief in support, the Court finds:

1.    Petitioner's petition for writ of habeas corpus should be denied and dismissed with prejudice.

2.    Pursuant to Rule 22 of the Federal Rules of Appellate Procedure and 28 U.S.C. § 2253(c), Petitioner has failed to show that reasonable jurists would (1) find this Court's "assessment of the constitutional claims debatable or wrong," or (2) find "it debatable whether the petition states a valid claim of the denial of a constitutional right" and "debatable whether [this Court] was correct in its procedural ruling," and any request for a certificate of appealability should be denied. *Slack v. McDaniel,* 529 U.S. 473, 484 (2000).

All relief not expressly granted is denied, and any pending motions are denied. The Court will enter judgment accordingly.

Dated December 18, 2020.

_____
JAMES WESLEY HENDRIX
United States District Judge